RICKMAN, Judge,
concurring fully and specially.
The record in this matter reveals leave requests totaling 231 days, years of litigation in the Kentucky trial and appellate courts, no assertion of a statutory right, the assertion of a constitutional right for the first time on the date of trial, and the seeking of a continuance *77 immediately thereafter. If ever there were a case where a remand seemingly would not be required, this is it.
Decided July 13, 2016.
Thomas, Webb & Willis, Gregory A. Willis, for appellant.
Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General, for appellee.
Nevertheless, I agree with the majority that precedent from our Supreme Court requires a remand. I write only to note that it would be much “speedier,” and much less frustrating to the trial courts, if the law authorized us to make a determination as to whether the trial court’s ultimate conclusion is supported by the appellate record, regardless of mistakes made in the Barker analysis. As it stands, we must remand cases such as this one until such time as the trial court successfully follows a formulaic incantation of the Barker factors.